UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 12 C 10082 |
| v. | ) | |
| | ) | Chief Judge Rubén Castillo |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Brian Hernandez moved this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and the Court dismissed his petition for habeas corpus. Presently before the Court is Petitioner's *pro se* motion for findings and conclusions of law pursuant to Federal Rule of Civil Procedure 52(b) or, alternatively, relief from the Court's dismissal of his habeas petition pursuant to Federal Rule of Civil Procedure 60(b), (R. 8, Pet'r's Rule 52(b) Mot.); his motion to supplement his habeas corpus petition, (R. 18, Pet'r's Mot. Suppl.); and his motion to amend his habeas petition, (R. 20, Pet'r's Mot. Am.). For the reasons set forth below, Petitioner's Rule 52(b) motion is granted in part and denied in part, Petitioner's motions to supplement and amend his petition are denied, and this case is dismissed with prejudice.

## RELEVANT FACTS

The relevant facts relating to Petitioner's criminal conviction are set forth in a published opinion by the Seventh Circuit Court of Appeals, *see United States v. Morales*, 655 F.3d 608 (7th Cir. 2011), and are repeated here only as they pertain to Petitioner's section 2255 petition.

Petitioner was one of sixteen individuals indicted by a federal grand jury on various racketeering-related charges in 2006. Petitioner and his codefendants were members of the

Aurora Deuces, the Aurora, Illinois chapter of the Insane Deuce Nation street gang. Petitioner had risen through the ranks and was a supervisor of more junior members: he assigned missions, provided firearms for the missions, and enforced the Deuces' rules. He had been personally involved in at least three shootings and in the Deuces' narcotics activities. Petitioner was charged with racketeering conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO") (Count One) and narcotics conspiracy (Count Nine).

In an effort not to overwhelm the jury, and due to the logistical challenge of trying so many defendants in a single courtroom, this Court severed the case into two trials. Petitioner was grouped with the "less major players" and tried before Judge Leinenweber. After a three-month trial, a jury convicted Petitioner on both Counts. The jury made special findings that the narcotics conspiracy charged in Count One pursuant to 21 U.S.C. §§ 841(a)(1) and 846 was proven as to Petitioner and involved at least five kilograms of mixtures containing cocaine, at least 50 kilograms of mixtures containing cocaine base in the form of crack cocaine, and at least 1000 kilograms of marijuana. Petitioner was sentenced to a term of life imprisonment for each Count, to run concurrently with each other.

Petitioner filed his notice of appeal, challenging both his conviction and his sentence, on August 27, 2009. The Seventh Circuit affirmed both on August 18, 2011.[1] *Morales*, 655 F.3d at 637-41. The Seventh Circuit held, as relevant to Petitioner, that (1) the district court's failure to state its reasons on the record for granting the government's motion for an anonymous jury empanelment was harmless error; (2) the district court did not abuse its discretion in declining to further sever the proceedings; (3) the district court did not abuse its discretion when it denied the

---

[1] The Seventh Circuit also affirmed the convictions and sentences of Petitioner's codefendants.

defendants' motion for a hearing based on alleged juror misconduct; (4) the government presented sufficient evidence for a rational jury to find that Petitioner joined the Insane Deuces' narcotics conspiracy; and (5) the district court did not err in sentencing Petitioner. *Id.* The Supreme Court denied Petitioner's petition for writ of certiorari on January 17, 2012. *Hernandez v. United States*, 132 S. Ct. 1121 (2012).

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2255 on December 18, 2012, (R. 1), along with a memorandum in support, (R. 3), and a supplemental pleading, (R. 4). Petitioner claimed that: (1) his sentence of life imprisonment on Count One inexcusably exceeded the 20-year statutory maximum; (2) his sentence of life imprisonment on Count Nine exceeded the 121-to-151-month statutory maximum; (3) he received ineffective assistance of counsel during the sentencing phase; (4) he was actually innocent of racketeering conspiracy; (5) he received ineffective assistance of counsel at trial; (6) he received ineffective assistance of counsel on appeal; and (7) he was "convicted of a non-existing offense" because the jury did not find that he agreed to commit two predicate acts under RICO. The Court dismissed the petition on February 6, 2013, for failure to assert any valid, constitutional error. (R. 7, Min. Entry.) The Court denied a certificate of appealability. (*Id.*)

On February 20, 2013, Petitioner moved the Court to amend its findings pursuant to Rule 52(b) or, alternatively, to relieve Petitioner from the judgment pursuant to Rule 60(b). (R. 8, Pet'r's Rule 52(b) Mot.) Petitioner argues that as a *pro se* petitioner, he is entitled to a liberal construction of his pleadings. (*Id.* at 2-3) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Petitioner contends that the Court should not have dismissed his petition because his factual allegations were not "clearly baseless." (*Id.*) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

3

A week later, on February 28, 2013, Petitioner filed his notice of appeal to the Seventh Circuit. (R. 9, Not. of Appeal.)

While his Rule 52(b) motion and the appeal were pending, Petitioner filed a motion for leave to supplement his petition, (R. 18), and a motion to amend his petition, (R. 20). In his motion to supplement his petition, filed on March 29, 2013, Petitioner argues that grounds one and two of his petition should be supplemented on the basis of the oral arguments made in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). (R. 18, Pet'r's Mot. Suppl.) In his motion to amend, filed on October 10, 2013, Petitioner presents the following new grounds for relief: (1) that he was tried twice on Count One of the indictment because of the "erroneous penalty phase two of the trial" in violation of the Fifth and Seventh Amendments, (R. 20, Pet'r's Mot. Am. at 4); (2) that he was punished twice for the same offense in violation of the Fifth Amendment, (*id.* at 9); (3) that his sentence was imposed in violation of 18 U.S.C. § 3553 and the decision in *United States v. Booker*, 543 U.S. 220 (2005), (*id.* at 14); (4) that his sentence was imposed in violation of 18 U.S.C. § 3559(a)(3), (*id.* at 24); (5) that his sentence was imposed in violation of 18 U.S.C. § 3553(a)(6), (*id.* at 28); (6) that his sentence violates the Due Process clause and the doctrine against ex post facto, (*id.* at 30); (7) that his sentence was imposed in violation of *Alleyne*, (*id.* at 32); (8) that his convictions were invalid because the indictment failed to charge the offenses, (*id.* at 35); and (9) that his convictions were obtained in violation of the Sixth Amendment, (*id.* at 37).

Petitioner's three motions are presently before the Court.

## LEGAL STANDARDS

Under Rule 52(b), a party may move the Court to amend its findings or make additional findings. Fed. R. Civ. P. 52(b). It is well-settled that it is improper to use a post-judgment motion "to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *see also United States ex rel. Russo v. Att'y Gen. of Ill.*, 780 F.2d 712, 715 n.4 (7th Cir. 1986) ("Rule 52(b) and Rule 59 motions may not be used to relitigate issues or to present the party's case under a new legal theory; rather these motions are intended to correct manifest errors of law or fact or to present newly-discovered evidence.").

Section 2255 allows an incarcerated prisoner to request his sentence be vacated on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[R]elief under 28 U.S.C. § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation marks omitted)). A section 2255 proceeding is not meant to be a substitute for direct appeal. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). "Failure to raise on direct appeal a challenge to a conviction bars a movant from raising that issue in a § 2255 proceeding absent a showing of good cause for and actual prejudice resulting from the procedural default." *Winston v. United States*, 175 F.3d 1022 (7th Cir. 1999) (citing *Theodorou*, 887 F.2d at 1339).

To show cause, the petitioner must demonstrate that an external objective factor impeded his ability to appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ineffective assistance of counsel may constitute good cause for default if counsel's incompetence rises to the level of constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668, 690 (1984). *See id.* at 488-92.

## ANALYSIS

### I. Petitioner's Motion for Findings

Petitioner's first pre-judgment motion, styled "Rule 52(b) Motion for Findings and Conclusions in Law or Alternatively, Relief from the Judgment/Order Under Rule 60(b)," could be intended to seek several things. First, Petitioner appears to be seeking findings of fact and conclusions of law explaining the reasons for the Court's summary dismissal of his habeas petition. (R. 8, Pet'r's Rule 52(b) Mot. at 2) ("Without identifying any claims presented an order materialized in the record, contending that this court summarily dismisses the petition for failure to assert any valid, constitutional error."). Petitioner also appears to be challenging the Court's application of law by asserting that, as a *pro se* litigant, his pleadings were entitled to a liberal construction, and the Court should not have dismissed his claims unless his factual allegations were clearly baseless. (*Id.* at 2-3.) Finally, Petitioner appears to be mounting a substantive challenge to the Court's dismissal of his petition. (*Id.* at 3) (Petitioner "urges this Court to set aside the order under Rule 60(b), and the merits as law and justice Requires 28 U.S.C. 2243[.]"). Because *pro se* litigants are entitled to a liberal construction of their pleadings, the Court addresses each of these potential arguments, beginning with the last.

Prisoners are barred from filing second or successive habeas petitions unless they obtain certification to do so from the court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244. A

6

circuit court will only certify a second or successive petition if it contains new evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). If Petitioner does not have permission from the Seventh Circuit to pursue a successive collateral attack, this Court has no jurisdiction and must dismiss the second petition. *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). "The problem is that the [Antiterrorism and Effective Death Penalty Act of 1996] does not define 'second or successive.'" *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). Motions to reconsider denials of habeas petitions sometimes must be treated as second or successive collateral attacks. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Dunlap v. Litscher*, 301 F.3d 873, 875-76 (7th Cir. 2002). In *Gonzalez*, the Supreme Court held "that a procedural argument (say, one about the statute of limitations) raised using Rule 60(b) is not a new collateral attack, but that an objection to the validity of the criminal conviction or sentence is one no matter how it is couched or captioned." *Scott*, 414 F.3d at 816 (citing *Gonzalez*, 545 U.S. 524). Accordingly, to the extent Petitioner's motion challenges the merits of this Court's dismissal of his petition or seeks a different ruling under Rule 60(b), the motion is a successive petition under section 2255 and is dismissed for lack of jurisdiction.

To the extent Petitioner seeks written findings, the Court briefly sets forth below the reasons for its dismissal of his petition. To the extent Petitioner argues that the Court held his *pro se* pleadings to too high a standard, the Court's explanation below should clarify that the Court construed Petitioner's allegations liberally and still found them wanting. In his petition, Petitioner raised six grounds on which this Court should vacate his sentence, and he filed a supplemental pleading to his section 2255 petition on the same day raising one additional ground.

7

### A. Petitioner received effective assistance of counsel

Petitioner argued that he received ineffective assistance of counsel at trial, during sentencing, and on appeal. (R. 3, Pet'r's Mem. at 10-13, 16-25.) Because Petitioner was represented by the same attorney, Gal Pissetzky, at trial and on appeal, he was not subject to procedural default for failing to raise his ineffective assistance claim on direct appeal. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *United States v. Hall*, 35 F.3d 310, 316 (7th Cir. 1994)). To establish ineffective assistance of counsel, however, Petitioner needed to show that his counsel was deficient and that this deficiency prejudiced him. *Strickland*, 466 U.S. at 687. A failure to establish either element would doom Petitioner's claim. *Gant v. United States*, 627 F.3d 677, 682 (7th Cir. 2010) (citing *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996)). Habeas petitioners must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

#### 1. Counsel competently represented Petitioner at trial (ground five)

Petitioner argued that the government had no proof that he participated in any racketeering activity linking him to the RICO conspiracy, but his counsel failed to defend this point. (R. 3, Pet'r's Mem. at 17.) Petitioner also contended that counsel failed to investigate and present potential witnesses and evidence that would prove his innocence. (*Id.* at 19.) Petitioner alleged no facts to support his claim that counsel "was fundamentally ineffective where he failed to subject the government case to a meaningful adversarial testing, by investigating, preparing and presenting a defense." (*Id.* at 21-22.) To the contrary, the trial record showed that Petitioner's counsel filed motions *in limine* to exclude evidence that would be harmful to Petitioner, cross-examined witnesses, and objected to testimony and evidence at trial. Additionally, counsel clearly investigated and prepared for his representation of Petitioner.

Viewing the trial record as a whole, the Court was satisfied that Mr. Pissetzky competently defended Petitioner at trial. Petitioner failed to allege any facts that would overcome the presumption that counsel was reasonably proficient at trial, and thus this basis for relief from judgment was meritless. *See Strickland*, 466 U.S. at 687.

### 2. Counsel competently represented Petitioner during sentencing (ground three)

Petitioner argued that his counsel provided constitutionally ineffective assistance during the sentencing phase because he failed to present to the sentencing court the fact that Petitioner had not been convicted of a racketeering activity that authorized a term of more than 20 years, the fact that Petitioner lacked the prior felony drug convictions necessary to support an enhanced penalty under 21 U.S.C. § 841(b), or any mitigating evidence. (R. 3, Pet'r's Mem. at 10-11.) Petitioner contended that "had counsel presented relevant key facts to the sentencing panel there stands a reasonable probability that the results would be different." (*Id.* at 11.) Petitioner failed to provide the Court with any of these key facts, however, and the record from the sentencing did not bear out Petitioner's claims. The only support Petitioner offered for his claim that he received ineffective assistance during sentencing is the fact that counsel failed to object to a term of life imprisonment on the grounds that such a sentence exceeded the statutory maximum. (*Id.* at 11-12.) As discussed in more detail below, Petitioner's life sentence did not exceed the statutory maximum penalty, so Petitioner's counsel's failure to argue that it did was not deficient performance. *See Rodriguez v. United States*, 286 F.3d 972, 985 (7th Cir. 2002) (counsel is not required to raise arguments that are likely to fail). In addition, Petitioner's counsel did in fact request the sentencing judge to use his discretion to depart from the Guidelines and give Petitioner a sentence of less than life. The Court thus concluded that Petitioner received effective assistance of counsel during the sentencing phase.

9

### 3. Counsel competently represented Petitioner on appeal (ground six)

Petitioner argued that counsel provided ineffective assistance of counsel on appeal because he failed to challenge the imposition of Petitioner's life sentence as a violation of the Constitution and laws of the United States. (R. 3, Pet'r's Mem. at 22.) Petitioner contended that, if not for counsel's failure to challenge the sentence on appeal, the sentence would have been reversed by the Seventh Circuit. (*Id.* at 23.) However, Petitioner's counsel *did* challenge the imposition of his life sentence on appeal. Although counsel did not challenge the sentence as in excess of the statutory maximum—which it is not—he did challenge the sentencing court's upward adjustment of Petitioner's offense levels based on his codefendants' conduct, the inclusion of several prior convictions in his criminal history, and the sentencing court's refusal to adopt his proposed section 3553 sentencing factors. *See Morales*, 655 F.3d at 638. Accordingly, the Court concluded that Petitioner's appellate counsel did not fail to challenge the imposition of Petitioner's life sentence and was not constitutionally deficient.

Petitioner thus failed to present any support for his claims that counsel's performance was deficient at trial, during sentencing, or on appeal. The primary basis of Petitioner's ineffective assistance grounds was that his life sentence exceeded the statutory maximum, and, as the Court discusses next, Petitioner's life sentences were not unlawful. Accordingly, Petitioner failed to establish ineffective assistance of counsel as a basis for relief.

### B. The imposition of a life sentence on Count One was not excessive (ground one)

Petitioner argued that the life sentence he received for Count One exceeds the statutory maximum. (R. 3, Pet'r's Mem. at 2-3.) The statutory maximum penalty for a violation of section 1962 is 20 years (unless "the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment," in which case the maximum sentence is life). 18

10

U.S.C. § 1963(a). Petitioner contended that he was not convicted for a racketeering activity for which life imprisonment is appropriate, and thus his life sentence exceeds the 20-year statutory maximum. (R. 3, Pet'r's Mem. at 4.)

By special verdict in the sentencing phase of the trial, the jury convicted Petitioner of the narcotics conspiracy alleged in Count One and found that it involved, as to Petitioner, at least five kilograms of cocaine, at least 50 grams of crack cocaine, and at least 1000 kilograms of marijuana. The maximum sentence for this drug quantity is life imprisonment, regardless of the existence or absence of any prior convictions. 21 U.S.C. § 841(b). Thus, Petitioner's RICO conviction "is based on a racketeering activity for which the maximum penalty includes life imprisonment," and Petitioner's life sentence does not exceed the statutory maximum. 18 U.S.C. § 1963(a).

### C. The imposition of a life sentence on Count Nine was not excessive (ground two)

Petitioner contended that without any prior convictions, the statutory maximum penalty for his conviction on Count Nine was 151 months. (R. 3, Pet'r's Mem. at 7.) Petitioner argued that he had no qualifying prior felony drug convictions, and thus he was only eligible for a sentence of up to 151 months on Count Nine. (*Id.* at 8.) Petitioner based his argument on the provision in 21 U.S.C. § 841(b)(1)(A) that states: "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." Petitioner argued that therefore, without two prior felony drug convictions, Petitioner was not eligible for a life sentence. (R. 3, Pet'r's Mem. at 8-9.) Petitioner's argument ignored the rest of section 841(b)(1)(A). In fact, an individual without two prior felony drug convictions would not be subject to a *mandatory* life sentence. However, an individual convicted for a violation of section

11

841(a) involving the drug quantities that Petitioner's conviction involved, without any prior felony drug convictions, "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life[.]" 21 U.S.C. § 841(b)(1)(A). Accordingly, the court's imposition of a life sentence for Count Nine did not rely on prior convictions or facts not found by the jury, and the sentence does not exceed the statutory maximum or violate the law.

### D. Petitioner failed to establish actual innocence (ground four)

Petitioner argued that the government failed to present proof of his criminal intent, as is necessary to sustain the conspiracy conviction. (R. 3, Pet'r's Mem. at 13.) Petitioner contended that he was "factually innocent of participating in the alleg[ed] RICO conspiracy" because the government did not prove that he participated and the jury's verdict was not supported by any facts or evidence. (*Id.* at 14.) It is not entirely clear to this Court whether Petitioner intended to assert that he is actually innocent or to simply argue that the jury verdict should be overturned because it was not supported by ample evidence. To the extent the latter was Petitioner's intent, the plentiful evidence supporting Petitioner's conviction has been detailed in prior opinions. *See Morales*, 655 F.3d at 637-38. The Court declines to rehash the evidence here, other than to confirm that it was sufficient for a rational jury to find that Petitioner participated in the racketeering and narcotics conspiracy of which it convicted him. To the extent Petitioner intended to claim that he is actually innocent, he was required to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Because Petitioner provided no new evidence, he did not establish a claim of actual innocence.

### E. Petitioner was properly convicted of a RICO violation (ground seven)

In his supplemental pleading, Petitioner asserted a seventh basis for habeas relief: that he was "convicted of a non-existing offense." (R. 4, Pet'r's Suppl. Pldg. at 1.) Although it is difficult to discern Petitioner's argument, he appeared to contend that the jury did not find that he had agreed to at least two racketeering offenses as required to support a RICO conviction. (*See id.* at 1-2.) The jury was not asked to make special findings as to which racketeering offenses it found Petitioner to have committed, but it was instructed, as part of the jury instructions on Count One, that it "must find beyond a reasonable doubt that the defendant agreed that some member or members of the conspiracy would commit at least two acts of racketeering as described in Count One, and that they were separate acts." The Court thus concluded that when the jury found Petitioner guilty as to Count One, they found that he agreed to at least two acts of racketeering. Petitioner's RICO conviction was not unconstitutional or unlawful.

Having set forth its reasoning for dismissing Petitioner's section 2255 motion, the Court now addresses Petitioner's remaining motions.

## II. Petitioner's Motions to Supplement and Amend his Petition

On March 29, 2013, one month after Petitioner filed his notice of appeal of this Court's dismissal of his habeas petition, Petitioner moved to supplement grounds one and two of his petition. (R. 18, Pet'r's Mot. Suppl.) Several months later, on October 10, 2013, Petitioner moved to amend his petition to add nine new grounds of relief. (R. 20, Pet'r's Mot. Am.)

Motions to amend section 2255 petitions are governed by Federal Rule of Civil Procedure 15, which instructs courts to freely give leave to amend "when justice requires." *Rodriguez*, 286 F.3d at 980. The Seventh Circuit has stated that "a court may grant a plaintiff's motion for leave to amend even after judgment had been entered. However, in this circuit, the

presumption in favor of liberality in granting motions to amend under Rule 15(a) is reversed after judgment has been entered." *Id.* (internal citations and quotation marks omitted). A court may deny a proposed amendment "due to undue delay, bad faith, dilatory motive, prejudice or futility." *Id.* While district courts have "wide discretion" in deciding whether to grant habeas petitioners leave to amend, they "should 'police attempted end-runs around the successive petition limitations of § 2255.'" *Vitrano v. United States*, 721 F.3d 802, 806-07 (7th Cir. 2013) (quoting *Hare v. United States*, 688 F.3d 878, 880 n.3 (7th Cir. 2012)).

### A. Petitioner's Motion to Supplement

In Petitioner's motion to supplement grounds one and two of his habeas petition, he directs the Court's attention to the oral arguments in the then-undecided Supreme Court case, *Alleyne v. United States*, and the decisions in *Apprendi* and *Blakely*. The entirety of Petitioner's brief argument in his motion to supplement is that he was "sentenced beyond the fact reflected in the jury's verdict through a preponderance of evidence standard," and that "to hold him liable for a crime he didn't commit and therefore sentence him outside the maximum allowed by the jury verdict, was wrong." (R. 18, Pet'r's Mot. Suppl. at 1-2.) Petitioner does not explain what part of his sentencing allegedly violates the holdings of *Alleyne* and *Apprendi*. No matter, the Court is able to quickly dispose of Petitioner's broad protest to his sentence.

In *Apprendi*, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490; *see also Blakely*, 542 U.S. at 303-04 (clarifying that for the purposes of *Apprendi*, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings"). Nevertheless, "counts on which

the jury acquits may be considered in sentencing, if the judge finds by a preponderance of the evidence that the criminal activities occurred," as long as those findings do not increase the statutory maximum punishment. *United States v. Genova*, 333 F.3d 750, 762-63 (7th Cir. 2003) (citing *United States v. Watts*, 519 U.S. 148 (1997); *Apprendi*, 530 U.S. 466). In fact, the Supreme Court noted in *Apprendi* that its holding did not apply to "cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict." 530 U.S. at 487 n.13.

As detailed above, the statutory maximum for the racketeering conspiracy Petitioner was convicted of by the jury is a life term of imprisonment. 18 U.S.C. § 1963(a). Courts have broad discretion to impose a sentence within a "prescribed range of punishment," and "the exercise of such discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts." *Dillon v. United States*, 560 U.S. 817, 828-29 (2010) (citing *Apprendi*, 530 U.S. at 481). As the Court explained above, Petitioner's life sentence is not "more severe than the statutory maximum for the offense established by the jury's verdict." *See Apprendi*, 530 U.S. at 487 n.13. Accordingly, the sentencing court's consideration of any facts not "reflected in the jury's verdict," (Pet'r's Mot. Suppl. at 1), does not constitute a violation of *Apprendi*.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum is an element of the crime that must be found beyond a reasonable doubt by the jury. 133 S. Ct. at 2160-63. Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989) (plurality opinion). "Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). Petitioner's conviction

became final on January 17, 2012, when the Supreme Court denied his petition for writ of certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). *Alleyne*, which established a new rule of constitutional law, *see Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013), was decided on June 17, 2013. Thus, *Alleyne* does not apply to Petitioner's case, and Petitioner's motion to supplement his petition is denied as futile.

### B. Petitioner's Motion to Amend

While Petitioner's motion to supplement barely extends to a second page, his motion to amend his habeas petition, filed nearly 21 months after his conviction became final, spans 40 pages. In it, Petitioner presents nine new grounds for relief that he contends relate back to his original habeas petition and therefore are timely. (R. 20, Pet'r's Mot. Am. at 1-2.)

An amended habeas petition relates back to the original petition, and thus avoids the one-year statute of limitations, if the grounds for relief it raises "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(c)(2)). Some of the grounds for relief Petitioner presents in his motion to amend relate back to his original petition; others do not. Rather than wade through all 40 pages and nine newly-asserted claims to determine which grounds relate back and which are untimely, however, the Court must deny Petitioner's motion as a second or successive petition over which this Court lacks jurisdiction.

An amended habeas petition is a second or successive motion if it is filed after judgment has been issued on the original petition. *See United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("any post-judgment motion in a criminal proceeding that fits the description of a

motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion" (citing *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000))); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999) ("[A] motion is caught by § 2244(b) and § 2255 ¶ 8 only if it is second or successive to a proceeding that 'counts' as the first. A petition that has reached final decision counts for this purpose."); *United States v. Hayden*, No. 1:07-CR-68-TLS, 2013 WL 4647220, at *1 (N.D. Ind. Aug. 29, 2013) ("Because the Court has already entered final judgment in this matter, the Defendant's request to amend his § 2255 Motion is too late."); *United States v. Wilburn*, No. 08-C-411, 2013 WL 1403057, at *1 (E.D. Wis. Apr. 5, 2013) ("Although Wilburn couches his motion as a motion to amend, his original § 2255 motion is no longer pending. In essence, Wilburn's motion to amend is a successive § 2255 motion over which this Court lacks jurisdiction absent prior authorization by the court of appeals." (internal citations omitted)); *cf. Vitrano*, 643 F.3d at 233 ("a proposal to amend one's first motion is not a 'second' motion, at least when the first has not yet reached a final decision" (internal citation and quotation marks omitted)); *Rutledge v. United States*, 230 F.3d 1041, 1051 (7th Cir. 2000) ("Until a final ruling has been issued, a district court must consider a petitioner's request to amend his § 2255 motion[.]"). A district court has no jurisdiction to consider a second or successive petition that has not been authorized by the court of appeals. *Scott*, 414 F.3d at 816; *see Phillips v. United States*, 668 F.3d 433, 437 (7th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (Feb. 21, 2012) (vacating the district court's decision on a habeas petitioner's post-judgment Rule 60(b) motion and instructing the court to dismiss for want of jurisdiction).

Petitioner contends that because his original petition is pending on appeal, his motion to amend is not a successive petition. (R. 20, Pet'r's Mot. Am. at 2.) To support this proposition,

17

Petitioner relies on a Second Circuit case, *Whab v. United States*, 408 F.3d 116 (2d Cir. 2005). Although the Second Circuit held in *Whab* that a motion to amend a habeas petition is not a successive motion until the "petitioner's opportunity to seek review in the Supreme Court has expired," 408 F.3d at 120, no other circuit has subscribed to that interpretation, *see Ochoa v. Sirmons*, 485 F.3d 538, 540 (10th Cir. 2007) ("No other circuit has followed *Whab*, and we decline to do so."). Instead of being guided by the disposition in *Whab*, this Court must follow Seventh Circuit precedent. In *Rodriguez v. United States*, the petitioner filed a motion for collateral review under 28 U.S.C. § 2255, which the district court denied. Over the next year, the petitioner filed a motion for reconsideration of the denial and two motions to amend his original petition, all of which the district court denied. *See* 286 F.3d at 977. The Seventh Circuit stated that the presumption in favor of granting motions to amend is reversed after judgment has been entered and affirmed the denial of the proposed amendment, noting that denial on the basis of either futility or delay would have been appropriate. *Id.* at 980. In fact, the Seventh Circuit has held that a proposed amendment cannot "relate back" to an original petition that has been dismissed. *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) (citing *Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001)); *see also Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) ("But for Tucker to amend his first petition, said petition needed to have been pending when the proposed amendments were offered. It was not. Tucker's first petition was dismissed in February 2004, so there was nothing to amend when he filed his second petition in January 2007.").

In *Phillips v. United States*, the Seventh Circuit addressed a motion to reconsider the district court's denial of a habeas petition, which was filed while the petitioner's appeal from the

denial was still pending. Although it did not cite the Second Circuit decision, the court explored the possibility allowed by the *Whab* decision:

> Perhaps, until a district court's decision has become final by the conclusion of any appeal taken, every new application should be treated as an amendment to the pending one, rather than as a new one. If so, then Phillips could have filed an entirely independent § 2255 petition raising a distinct claim for relief; indeed, he could still file one or more, as many as he likes, because this appeal is not over.

668 F.3d at 435. The Seventh Circuit concluded that this course of action "would drain most force from the time-and-number limits in § 2244 and § 2255. Once one timely petition under § 2255 is on file, the prisoner may keep filing more until the first has been finally resolved, a process that can take years." *Id.* Finally, the Seventh Circuit hypothesized that Phillips had filed a motion to amend his initial habeas petition rather than a Rule 60(b) motion. *Id.* It cited *Johnson v. United States* for the proposition that a proposed amendment to a collateral attack does not constitute a second or successive petition, but noted that "the time to amend the petition expires once the district court makes its decision. Final judgment marks a terminal point." *Id.* (internal citations omitted). The Seventh Circuit concluded that because Phillips had filed his motion for reconsideration after filing his appeal and after the time for filing an appeal had expired, "the motion cannot be treated as suspending the judgment's finality." *Id.* at 435-36.

Here, Petitioner's motion to amend his petition was filed eight months after the Court dismissed his petition and more than seven months after Petitioner appealed that dismissal. Pursuant to the precedent established by *Phillips*, the Court concludes that Petitioner's motion is a second or successive petition that is barred by 28 U.S.C. § 2244. Because Petitioner has not received permission from the Seventh Circuit to file a second collateral attack, this Court has no jurisdiction over his motion. *See id.* at 437; *Scott*, 414 F.3d at 816.

## CONCLUSION

For the foregoing reasons, Petitioner's Rule 52(b) motion (R. 8) is GRANTED insofar as the Court now issues written findings and conclusions and is DENIED insofar as the motion seeks relief from the Court's previous dismissal of the habeas petition. Petitioner's motion to supplement his section 2255 motion (R. 18) and his motion to amend his section 2255 motion (R. 20) are DENIED.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: June 25, 2014**